**COMP**
TISHA R. BLACK, ESQ.
Nevada State Bar No.: 05876
KEVIN L. HERNANDEZ, ESQ.
Nevada State Bar No.: 12594
**BLACK & LOBELLO**
10777 West Twain Avenue, Third Floor
Las Vegas, Nevada 89135
Telephone: (702) 869-8801
Facsimile: (702) 869-2669
tblack@blacklobellolaw.com
khernandez@blacklobellolaw.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LISA LABELLA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CASHCALL, INC, a foreign corporation, WS FUNDING, LLC, a foreign limited liability company, DOE Individuals I through X, inclusive, ROE Business Entities XI through XX, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT** |

Plaintiff, Lisa Labella ("PLAINTIFF"), by and through her attorney of record, Kevin L. Hernandez, Esq. of the law firm of Black & LoBello, and for her claims for relief against Defendants Cashcall, Inc. and WS Funding, LLC ("DEFENDANTS"), complains and alleges as follows:

**JURISDICTION AND VENUE**

1. This action arises under DEFENDANTS' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et. seq.* ("FDCPA").

Page 1 of 9

2. Further, DEFENDANTS knowingly, willfully and/or negligently placed automated calls to PLAINTIFF'S cellular phone in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227, *et. seq.* ("TCPA").

3. Venue in this District is proper because PLAINTIFF and DEFENDANTS reside and/or do business in the District of Nevada. Venue is also proper in this District because the acts and transactions that give rise to this action occurred, in substantial part, in the District of Nevada.

## PARTIES

4. PLAINTIFF Lisa Labella is an adult individual who resides in the state of Nevada.

5. PLAINTIFF is a "consumer" as defined in the Fair Debt Collection Practices Act ("FDCPA") at 15 U.S.C. §1692a(3).

6. PLAINTIFF allegedly owes consumer debt as defined by 15 U.S.C. §1692a(5) and NRS §649.010.

7. DEFENDANT CASHCALL, INC. is a foreign corporation whose principal purpose is the collection of debts.

8. DEFENDANT WS FUNDING, LLC is a foreign limited liability company whose principal purpose is the collection of debts.

9. PLAINTIFF is informed and believes, and thereon alleges that DEFENDANTS regularly collect or attempt to collect consumer debts owed or due or asserted to be owed or due another and that DEFENDANTS are each "debt collectors" as defined by 15 U.S.C. §1692a(6).

10. Individual Roe Defendants, Doe Defendants and Business Entities I through XX are fictitious names for unknown individuals, corporations, and/or their affiliates or subsidiaries whose names and identities are at this time unknown and who may have liability for some or all

of the conduct alleged herein. At such time a discovery is made as to these individuals, corporations, and/or their affiliates, the same will be specifically named herein.

## STATEMENT OF FACTS

### A. The Debt.

11. PLAINTIFF repeats and re-alleges Paragraphs 1 through 11 of this Complaint and incorporates the same herein by reference.

12. DEFENDANTS wrongfully named PLAINTIFF as a party which incurred a financial obligation (the "Debt").

13. The Debt was allegedly incurred as a result of services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C §1692a(5).

14. The Debt was purchased, assigned or transferred to DEFENDANTS for collection, or DEFENDANTS were employed by the Creditor to collect the debt.

15. DEFENDANTS attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. §1692a(2).

### B. DEFENDANTS Engage in Harassment and Abusive Tactics.

16. DEFENDANTS engaged in a campaign of harassment and abuse in an attempt to collect the alleged Debt upon PLAINTIFF.

17. DEFENDANTS contacted PLAINTIFF by telephone on numerous occasions.

18. DEFENDANTS placed unauthorized calls to PLAINTIFF, in which DEFENDANTS did not identify themselves as a debt collector.

19. During the telephone communications with PLAINTIFF, DEFENDANTS asserted that PLAINTIFF owed a debt with DEFENDANTS that she does not owe.

20. During the telephone communications with PLAINTIFF, DEFENDANTS threatened to sue and take money from PLAINTIFF'S bank account.

21. During the telephone communications with PLAINTIFF, DEFENDANTS threatened to arrest and physically harm PLAINTIFF.

22. DEFENDANTS contacted third parties to inform said third parties of the Debt, including, without limitation, PLAINTIFF'S parents, co-workers, and friends.

23. In their communications with PLAINTIFF, DEFENDANTS misrepresented that the amounts owed were the debts of PLAINTIFF, when in fact, they were not.

### C. **PLAINTIFF has Suffered Actual Damages**.

24. As a direct consequence of DEFENDANTS' acts, practices, and conduct, the PLAINTIFF suffered, and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment.

25. PLAINTIFF has also contemplated filing bankruptcy as a result of DEFENDANTS' unlawful conduct to stop harassing calls in the future.

26. PLAINTIFF has been forced, through DEFENDANTS' abusive tactics, to make payments toward the Debt which PLAINTIFF does not owe.

### D. **Respondeat Superior Liability**.

27. The acts and omissions of DEFENDANTS, and the other debt collectors employed as agents by DEFENDANTS, were committed within the time and space limits of their agency relationship with their principal.

28. The acts and omissions by DEFENDANTS and the other debt collectors referenced herein were incidental to, or of the same general nature as, the responsibilities that these agents were authorized to perform by DEFENDANTS in collecting consumer debts.

29. By committing these acts and omissions against PLAINTIFF, DEFENDANTS and these other debt collectors were motivated to benefit their principal.

30. DEFENDANTS are therefore liable to PLAINTIFF through the doctrine of Respondeat Superior for the intentional and/or negligent acts, errors, and omissions performed in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA, TCPA and Nevada tort law, in their attempts to collect the Debt from PLAINTIFF.

### FIRST CLAIM FOR RELIEF

### [Violations of the FDCPA; 15 U.S.C. § 1692, et. seq.]

31. PLAINTIFF repeats and re-alleges Paragraphs 1 through 30 of this Complaint and incorporates the same herein by reference.

32. The DEFENDANTS' conduct violated 15 U.S.C. §1692c in that DEFENDANTS contacted PLAINTIFF'S employer, place of business, and other third parties in connection with the collection of the alleged Debt without the prior consent of PLAINTIFF.

33. The DEFENDANTS' conduct violated 15 U.S.C. §1692d in that DEFENDANTS engaged in behavior to harass, oppress, and abuse PLAINTIFF in connection with the collection of the alleged Debt.

34. The DEFENDANTS' conduct violated 15 U.S.C. §1692d(6) in that DEFENDANTS placed calls to the Plaintiff without disclosing the DEFENDANTS' identity in connection with the collection of the alleged Debt.

35. The DEFENDANTS' conduct violated 15 U.S.C. §1692e in that DEFENDANTS engaged in false, deceptive or misleading behavior in connection with the collection of a debt by threatening to take legal action against PLAINTIFF, which DEFENDANTS could not carry out.

36. DEFENDANTS contacted PLAINTIFF on multiple occasions by telephone and misrepresented the amount allegedly owed in violation of 15 U.S.C. §1692e(2).

37. The DEFENDANTS' conduct violated 15 U.S.C. §1692e(10) in that DEFENDANTS employed various false representations and deceptive means to collect the alleged Debt.

38. The DEFENDANTS' conduct violated 15 U.S.C. §1692e(11) in that DEFENDANTS' communications with Plaintiff failed to include a "mini-Miranda" warning, "This is an attempt to collect a debt" and/or that the "communication is from a debt collector."

39. The DEFENDANTS' conduct violated 15 U.S.C. §1692e(14) in that DEFENDANTS failed to provide PLAINTIFF with the true name of the debt collector's business.

40. The DEFENDANTS' conduct violated 15 U.S.C. §1692f in that DEFENDANTS used unfair and unconscionable means to collect a debt, and in doing so humiliated and belittled PLAINTIFF.

41. The foregoing acts and omissions of the DEFENDANTS constitute multiple intentional, reckless and/or negligent violations of the FDCPA, including every one of the above-cited provisions.

42. As a result of the above-referenced violations by DEFENDANTS, PLAINTIFF is entitled to statutory damages plus actual damages to be proven at the time of trial in this matter.

43. PLAINTIFF has been forced to retain the undersigned counsel to pursue these claims and protect her legal rights, and is therefore entitled to recover reasonable attorneys' fees plus costs incurred.

44. PLAINTIFF is informed and believes and therefore alleges that PLAINTIFF may have suffered damages in other ways and to other extents not presently known to PLAINTIFF,

and not specified herein.  PLAINTIFF reserves the right to assert additional facts and damages not referenced herein, and/or to present evidence of the same at the time of trial.

## SECOND CLAIM FOR RELIEF

**[Violations of the Telephone Consumer Protection Act of 1991;
47  U.S.C. § 227, et. seq.]**

45. PLAINTIFF repeats and re-alleges Paragraphs 1 through 44 of this Complaint and incorporates the same herein by reference.

46. The Telephone Consumer Protection Act of 1991 ("TCPA") regulates, amongst other things, the use of automatic telephone dialing systems.

47. 47 U.S.C. §227(a)(1) defines an automatic telephone dialing system ("ATDS") as equipment having the capacity –

(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and

(B) to dial such numbers.

48. Specifically, 47 U.S.C. §227(1)(A)(iii) prohibits any call using ATDS or an artificial or prerecorded voice to a cellular phone without prior express consent by the person being called, unless the call is for emergency purposes.

49. Upon information and belief, DEFENDANTS employ an ATDS which meets the definition set forth in 47 U.S.C. §227(a)(1).

50. On numerous occasions, DEFENDANTS contacted PLAINTIFF on PLAINTIFF'S cellular telephone using an "artificial or prerecorded voice" as defined by 47 U.S.C. §227(b)(1)(A).

51. The telephone number that DEFENDANTS used to contact PLAINTIFF was and is assigned to a cellular telephone service as specified in 47 U.S.C. §227(b)(1)(A)(iii).

52. Pursuant to the contract with her cellular service provider, PLAINTIFF is charged for incoming calls made to her cellular telephone.

53. DEFENDANTS did not have prior express consent to place automated or prerecorded calls to PLAINTIFF on her cellular telephone.

54. DEFENDANTS' calls to PLAINTIFF'S cellular telephone were not for "emergency purposes."

55. DEFENDANTS either willfully or negligently placed multiple automated or prerecorded calls to PLAINTIFF'S cellular telephone.

56. Each of the aforementioned calls by DEFENDANTS constitutes a separate violation of the TCPA.

57. As a result of DEFENDANTS' negligent and/or willful violations of the TCPA, PLAINTIFF is entitled to an award of $500.00 statutory damages, or treble damages up to $1,500.00 statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. §227(b)(3)(C).

58. Additionally, PLAINTIFF is entitled to injunctive relief prohibiting such conduct by DEFENDANTS in the future.

WHEREFORE, PLAINTIFF prays for relief as follows:

1. For an award of actual damages including, but not limited to, the emotional distress PLAINTIFF has suffered (and continues to suffer) as a result of the intentional, reckless and/or negligent FDCPA violations pursuant to 15 U.S.C. § 1692k(a)(1);

2. For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3. Statutory damages of $500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. §227(b)(3)(B);

4. Treble damages of up to $1,500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. §227(b)(3)(C);

5. For punitive damages;

6. For an award reimbursing Plaintiff for reasonable attorney's fees, costs and interest incurred; and

7. For such other further relief as the court deems proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS.**

DATED this 8th day of August, 2013.

**BLACK & LOBELLO**

_/s/ Kevin L. Hernandez_
TISHA R. BLACK, ESQ.
Nevada State Bar No.: 05876
KEVIN L. HERNANDEZ, ESQ.
Nevada State Bar No. 12594
10777 West Twain Avenue,
Third Floor
Las Vegas, Nevada 89135
Telephone: (702) 869-8801
Facsimile: (702) 869-2669
*Attorneys for Plaintiff*