UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LISA LABELLA, an individual,<br><br>　　　　　　　　　Plaintiff,<br>　v.<br><br>CASHCALL, INC., a foreign corporation, WS FUNDING LLC, a foreign limited liability company, et al.,<br><br>　　　　　　　　　Defendants. | Case No. 2:13-cv-01427-MMD-VCF<br><br>ORDER<br><br>(Def's Motion to Dismiss – dkt. no. 9) |

　　　　Before the Court is Defendants CashCall, Inc. ("CashCall") and WS Funding, LLC's ("WSF") Motion to Dismiss or, in the alternative, Motion for Stay and to Compel Arbitration ("Motion"). (Dkt. no. 9.)

　　　　Plaintiff Lisa LaBella filed the Complaint on August 8, 2013. (Dkt. no. 1.) The Complaint asserts claims under the Fair Debt Collection Practices Act ("FDCPA") and Telephone Consumer Protection Act ("TCPA") regarding Defendants' alleged efforts to collect a debt from Plaintiff. (*Id.* at 3.) The sole basis of Defendants' Motion is that "when LaBella obtained the loan that is the subject of this litigation, she expressly agreed to arbitrate all disputes with WSF and CashCall[.]" (*Id.* at 1.) Defendants assert that Plaintiff signed a loan agreement with an arbitration clause. (*Id.* at 1–2.) In her opposition to the Motion, however, Plaintiff disputes this. (*See* dkt. no. 11.) Plaintiff's opposition states that "Ms. LaBella did not execute the alleged arbitration agreement or authorize any party to execute the agreement on her behalf" and that "Plaintiff's former roommate fraudulently obtained personal information and executed the subject loan agreement without

Plaintiff's knowledge or consent." (*Id.* at 2.) LaBella submits a declaration in support of her opposition. (*See* dkt. no. 11-1.) In their reply, Defendants argue there is no genuine issue of material fact as to the existence of a valid loan agreement, and submit evidence to support their position that Plaintiff did in fact sign the loan agreement and received the loan money. (*See* dkt. no. 16.) Plaintiff has not yet had an opportunity to respond to the evidence and arguments presented by Defendants.

When one party disputes "the making of the arbitration agreement," the Federal Arbitration Act ("FAA") requires that "the court [ ] proceed summarily to the trial thereof" before compelling arbitration under the agreement. 9 U.S.C. § 4. The Ninth Circuit interprets this provision as encompassing challenges to a specific arbitration clause *and* challenges to "the making of a contract containing an arbitration provision" as well. *See Three Valleys Mun. Water Dist. V. E.F. Hutton & Co., Inc.*, 925 F.2d 1136, 1140-41 (9th Cir. 1991). Thus, "challenges to the *existence* of a contract as a whole must be determined by the court prior to ordering arbitration." *Sanford v. MemberWorks, Inc.*, 483, F.3d 956, 962 (9th Cir. 2007) (*citing Three Valleys*, 925 F.2d at 1140-41). The Court must first determine whether a "genuine issue of fact concerning the formation of the [loan] agreement" exists before it can order arbitration. *See Three Valleys*, 925 F.2d at 1141 (*quoting Par-Knit Mills, Inc. v. Stockbridge Fabrics Co.*, 636 F.2d 51, 54 (3d Cir. 1980)). This standard is similar to that employed by district courts in resolving summary judgment motions pursuant to Fed. R. Civ. P. 56. *See Omstead v. Dell, Inc.*, 533 F. Supp. 2d 1012, 1038 (N.D. Cal. 2008) (citing *Par–Knit Mills*, 636 F.2d at 54 n.8).

The Court therefore asks for additional briefing on whether there is a genuine issue of material fact as to the existence of a loan agreement between Plaintiff and Defendants. Plaintiff will be given an opportunity to file a supplemental brief on that question and Defendants will have an opportunity to respond. As the Court must first resolve this question before it may compel arbitration, Defendants' Motion is denied without prejudice to renew in the event the Court resolves this question in Defendants' favor.

It is hereby ordered that Defendants' Motion to Dismiss (dkt. no. 9) is denied without prejudice. Plaintiff is ordered to file a supplemental brief consistent with this Order's instructions within fifteen (15) days. Defendants may file a response within seven (7) days of Plaintiff's supplemental brief being filed.

DATED THIS 3rd day of September 2014.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE